## STATE ex Fulton v
## TERMINAL POULTRY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13517.   Decided May 28, 1934

J. W. Bricker, Columbus, and M. P. Mooney, Cleveland, for plaintiff in error.

Abner H. Goldman, Cleveland, for defendant in error.

MAUCK, PJ, and MIDDLETON, J, (4th Dist), and WILLIAMS, J, (6th Dist) sitting.

## OPINION

By MIDDLETON, J.

In a general way it may be said that the facts in evidence do not support this claim. The transaction in question occurred on December 19, 1931. The evidence shows beyond question and it is admitted that prior to that time the poultry company had a banking account or what is commonly known as a "checking account" with The Standard Trust Bank of Cleveland, Ohio, and that on the day named that account was on the books of the bank and that whatever money was received by the bank from the poultry company on that day was entered in that general account as shown by the books of the company.

However, there is a more serious question involved in this proceeding. It is shown by the record that when the certified check in question was certified by the bank, the poultry company did not have sufficient funds on deposit to take care of its payment and that there was a deficiency in said funds in the amount of $569.64. The transaction occurred on Saturday, December 19, 1931. It is contended by the poultry company that by virtue of an oral agreement between an officer of the bank and the company, which provided that the bank would loan the company the deficiency until the following Monday for which no note or other evidence of indebtedness was ever given by the company. It is shown that the extension of credit was then made until the following Monday. It is manifest, we think, from the whole record that no such loan was actually made. If it was there is now due from the poultry company to the bank that amount of money on such loan. There is no evidence that any such obligation has ever been recognized by the poultry company or claimed by the bank.

The weight of the evidence in the judgment of this court shows that the official of the bank who gave to the company the certified check in question, did so in violation of §710-175 GC for the reason that when said check was so certified there was no bona fide credit in the bank in favor of the drawer of the check for the amount named in said check. This situation makes the whole transaction void in respect to any demands that may be made by the parties thereto in a court of equity.

The representatives of the company which negotiated the transaction knew of all the facts involved and while the certified check might be recognized in the hands of an innocent purchaser without notice as between the parties to the transaction, there can be no equities.

It is the conclusion of this court therefore, that the relation of creditor and debtor only exists between the parties to this suit, and that under the established facts in evidence, the poultry company is not entitled to a preferred claim in the amount of $606.75 as found and decreed by the trial court. It is therefore ordered that the defendant in error, The Terminal Poultry Company, be allowed a general claim for said amount and for any other deposit that is now in the hands of the Superintendent of Banks of this State to the credit of said company.

MAUCK, PJ, and WILLIAMS, J, concur in judgment.